UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD E. CEARLEY,<br><br>          Plaintiffs,<br><br>   v.<br><br>WELLS FARGO BANK,<br><br>          Defendant. | No. 2:15-cv-353-TLN-EFB PS<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

This matter is before the court on defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 7), and plaintiff's motions "to press criminal charges" (ECF No. 12), "to revoke and reverse the sale of property" (ECF No. 13), and "to consolidate" this case with an unlawful detainer action (ECF No. 14).[1]

This action was filed by plaintiff in San Joaquin Superior Court disputing the foreclosure on real property secured by a deed of trust. Defendant removed the action to this court based on diversity jurisdiction. ECF No. 1. Defendant now moves to dismiss the complaint for failure to state a claim. Plaintiff responded with the several motions noted above as well as an opposition to the motion to dismiss. For the following reasons, plaintiff's motions to press criminal charges

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

1

and consolidate the case are denied. Further, it is recommended that defendant's motion to dismiss be granted and plaintiff's motion to revoke and reverse the sale of property be denied.[2]

I. Motion to Press Criminal Charges

Plaintiff has filed a motion requesting that the court bring criminal charges against Wells Fargo, Cal-Western Re-Conveyance and Pollard & Wheeler, LLC, based on these entities' involvement in the sale of real property located at 56 Felicia Avenue, Mountain House, California. ECF No. 12. Plaintiff contends these entities' conduct violated California Penal Code § 155 and 531. *Id*. at 4-7.

It is not the role of this court to serve in the prosecutorial capacity envisioned by plaintiff. If plaintiff genuinely believes criminal prosecution is warranted, he should contact local law enforcement and/or the county district attorney's office. Accordingly, plaintiff's motion to press criminal charges is denied.

II. Motion to Consolidate Cases

Plaintiff also moves to consolidate this case with an unlawful detainer action (No. 2:15-cv-1068-TLN-AC) that was previously pending before this court. ECF No. 14 at 1. However, the unlawful detainer action, wherein Mr. Cearley was named as the defendant, was remanded to state court for lack of subject matter jurisdiction. *See* 2:15-cv-1068-TLN-AC. As that action is no longer pending in this court, plaintiff's motion to consolidate is denied.

III. Motion to Dismiss

Defendant moves to dismiss all of the claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 7 at 13-26. As explained below, plaintiff's compliant fails to allege sufficient factual allegations to state a claim for relief and therefore must be dismissed.

    A. Factual Allegations

The complaint alleges that plaintiff purchased real property located at 56 Felicia Avenue, Mountain House, California (the "subject property"), in 2003 with a loan from World Savings Bank ("World Savings") for $515,000. ECF No. 1 at 9, 11. In February 2005, plaintiff

---

[2] The court determined that oral argument would not materially assist in the resolution of the pending motions and ordered them submitted on the briefs. *See* E.D. Cal. L.R. 230(g).

1 refinanced his loan with World Savings Bank because he was "promised lower rates and better
2 terms." *Id*. at 9.  Plaintiff's loan was subsequently assigned to Wachovia, and then to Wells
3 Fargo.  *Id*. at 9-10.  He alleges that after Wachovia and Wells Fargo Bank became involved, his
4 monthly mortgage payments increased from approximately $1,600 to well over $4,300 and the
5 principal owed increased by over $160,000.  *Id*. at 9.  Plaintiff has contacted Wachovia and Wells
6 Fargo several times, but he has never received a clear answer for why principal was added to the
7 loan or his monthly payments were increased.  *Id*. at 9-10.  He was only notified that "some un-
8 named index is the basis they have used for raising the payments and adding to the principal
9 amount."  *Id*. at 10.

10 Plaintiff further alleges that he "never signed a contract with Wachovia or now Wells
11 Fargo," and that did not agree to let either of these entities "take over [his] loan."  *Id*.  He also
12 alleges that he was told by an attorney in 2010 that Wachovia sold his loan to a private investor
13 who subsequently filed bankruptcy and discharged the debt, and therefore there was no loan that
14 could be assigned to Wells Fargo.  *Id*. at 12.  He further claims that he "can prove that World
15 Savings – Wachovia and Wells Fargo have breached the Contract and committed many counts of
16 Fraud and are fully responsible for the extreme loss in value, assets and my vested value in
17 interest in my property."  *Id*. at 11.

18 The complaint also alleges that plaintiff filed a Chapter 7 bankruptcy petition on June 25,
19 2012, and that he immediately notified defendant of his bankruptcy case.  *Id*.  He claims that he
20 received a letter dated June 26, 2015, notifying him that his home had been sold and that he
21 would be evicted.  *Id*. at 14.  Plaintiff contends that the sale of the subject property resulted in a
22 fraudulent transfer, bad faith, and a violation of his bankruptcy rights.  *Id*.

23 Judicially noticeable documents indicate that on January 24, 2005, plaintiff obtained a
24 loan from World Savings in the amount of $500,500.  Def.'s Req. for Judicial Notice ("RJN"),
25 Ex. A.  The promissory note was secured by a deed of trust against real property located at 56
26 Felicia Avenue, Tracy, California.  ECF NO. 1 at 9, 11; RJN Ex. A.  In January 2008, World
27 Savings changed its name to Wachovia Mortgage, FSB ("Wachovia").  RJN Exs. B, C, D.
28 /////

3

1  Wachovia subsequently converted to Wells Fargo Bank Southwest, N.A., which then merged into
2  Wells Fargo Bank, N.A.  RJN Ex. E.
3      On October 27, 2011, a Notice of Default was recorded with the San Joaquin County
4  Recorder's Office.  RJN Ex. F.  The notice indicates that plaintiff was behind on his payments in
5  the amount of $23,768.21.  *Id*.  On June 24, 2014, a Notice of Trustee's Sale was recorded, which
6  noticed the sale date for July 30, 2014.  RJN Ex. G.  A Trustee's Deed Upon Sale, submitted by
7  the plaintiff, shows that the property was eventually sold on April 8, 2015.  ECF No. 13 at 9.

        B.    Rule 12(b)(6) Standard

     To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

     In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).  The court will "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). The Ninth Circuit has held that the less stringent standard for pro se parties is now higher in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1338, and matters of public record, including pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

C. <u>Discussion</u>

Plaintiff's complaint purports to assert nineteen causes of action: (1) breach of fiduciary duty; (2) breach of the covenant of good faith and fair dealing; (3) deceit in violation of California Civil Code §§ 1709-1710; (4) violation of California Business & Professional Code §§ 17200, et. seq.; (5) promissory estoppel; (6) misrepresentation; (7) fraud by concealment; (8) restitution for unjust enrichment; (9) quiet title; (10) violation of California Rosenthal Act; (11) civil conspiracy; (12) declaratory relief; (13) rescission/cancellation of void instrument; (14) unjust enrichment; (15) accounting fraud; (16) preliminary and permanent injunctive relief; (17) damage caused by misconduct fraud; (18) multiple fraudulent transfers; and (19) representing fraudulent "ghost" investors. ECF No. 1 at 1.

/////

Defendant argues that plaintiff's complaint must be dismissed with prejudice because plaintiff's claims are premised on his contention that the note and deed of trust were not properly transferred to Wells Fargo, an issue plaintiff lacks standing to contest. ECF No. 7 at 16.

"District courts have held that borrowers who were not parties to the assignment of their deed-and whose rights were not affected by it-lacked standing to challenge the assignment's validity because they had not alleged a concrete and particularized injury that is fairly traceable to the challenged assignment" *Marques v. Federal Home Loan Mortg. Corp.*, No. 12-cv-1873, 2012 WL 6091412, at *4 (S.D. Cal. Dec. 6, 2012); *see also Siliga v. Mortg. Elec. Reg. Sys., Inc.*, 219 Cal. App. 4th 75, 85 (2013) ("The Siligas do not dispute that they are in default under the note. The assignment of the deed of trust and the note did not change the Siligas' obligations under the note, and there is no reason to believe that Accredited as the original lender would have refrained from foreclosure in these circumstances. Absent any prejudice, the Siligas have no standing to complain about any alleged lack of authority or defective assignment."); *Jenkins v. JP Morgan Chase Bank*, N.A., 216 Cal. App. 4th 497, 514–15 (2013) ("As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions. Furthermore, even if any subsequent transfers of the promissory note were invalid, [plaintiff] is not the victim of such invalid transfers because her obligations under the note remained unchanged.") (citations omitted); *cf. Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 944 (1976) ("A third party should not be permitted to enforce covenants made not for his benefit, but rather for others . . . . As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler.").

The complaint lends some support for defendant's contention that plaintiff's claims are predicated on an improper transfer of plaintiff's loan. Plaintiff alleges that he "never signed a contract with Wachovia or now Wells Fargo the current lender that claims the right to the loan." ECF No. 1 at 10. He further alleges that he did not "agree to let either Wachovia or Wells Fargo take over my loan." *Id*. He also alleges that he knows "that in the contract it allows the lender to

6

sell the loan to a third party investor but there is no provision for them to sell the company and include the loan as an asset." *Id*. at 10-11.  He further contends that Wells Fargo has failed to provide any proof of ownership of his mortgage.  *Id*. at 11-12.  Thus, the claims appear to be predicated on an alleged improper transfer.

Plaintiff also appears to concede that he is in default under the note.  *See* ECF No. 22 at 4. ("When Wells Fargo and Wachovia took over [the loan] it increased over and over at a super accelerated rate and was projected to increase to $3,800 when I stopped paying the loan.").[3] Although plaintiff alleges that his monthly payments increased when the loan was assigned to Wells Fargo, he does not provide any allegations indicating that the terms of the loan changed when the loan was assigned.  Accordingly, plaintiff has no standing to challenge the assignment of the loan to Wells Fargo.  Therefore, any claims based on an improper assignment of the note and deed of trust must be dismissed.

However, it is less than clear which claims, if any, specifically rely on some alleged defect in the assignment of the loan to Wells Fargo.  As drafted, the court is unable to discern the precise basis for each of plaintiff's claims.  The complaint's caption page lists nineteen purported causes of action.  Plaintiff, however, does not indicate which allegation in the complaint support which specific cause of action.  Instead, plaintiff simply lists nineteen causes of action, and then tosses in a narrative describing how his loan was transferred and his monthly payments increased.  The court cannot determine from these general allegations how they relate to and specifically support any of the enumerated causes of action.  Accordingly, plaintiff's complaint must be dismissed for failure to state a claim.

Plaintiff, however, will be granted leave to file an amended complaint to allege, if he can, a cognizable legal theory and sufficient facts in support of that legal theory.[4]  *Lopez v. Smith*, 203

---

[3] However, plaintiff alleges that he "has in Fact not defaulted as the Loan is not due in full until February 15, 2035."  ECF No. 1 at 9.  This allegation appears to rely on plaintiff's mistaken belief that he cannot default on a loan until the term for the loan has expired.

[4] Plaintiff also attempts to assert a number of new claims in his opposition to plaintiff's motion.  ECF No. 22.  An opposition to a motion to dismiss is not an appropriate place for plaintiff to assert new claims against defendant.  *See Schneider v. Cal. Dep't of Corrs.*, 151 F.3d

7

F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

IV. Motion to Revoke and Reverse the Sale of Property

Plaintiff also filed a motion to reverse and revoke the sale of the subject property. ECF No. 13. As far as the court can discern, plaintiff's motion is premised on his contention that the sale of the subject property was unlawful because it occurred during the pendency of this action and without the court's authorization. *Id*. at 2-3.

Under California law, lenders can foreclosure on a deeds of trust without first obtaining court authorization. *See Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (2d. Dist. 1994) (summarizing California's non-judicial foreclosure proceedings). Furthermore, in the instant action, plaintiff never sought nor obtained an injunction preventing the sale of the subject property. The filling of this action did not act as a stay or barrier to defendant or any other entity selling the subject property.

Plaintiff also appears to allege that the sale should be set aside based on defendant's alleged violation of California Penal Code §§ 155 and 531 and California Civil Code § 3439. California Penal Code section 155 concerns the fraudulent transfers of personal property, which is not at issue in this case.[5] California Penal Code section 531, which does concern fraudulent conveyance of real property, does not create a private right of action. *See Gutierrez v. Givens*, 989 F. Supp. 1033, 1043 (S.D. Cal 1997) (finding no private right of action under California Penal Code § 531). Thus, these sections of the California Penal Code provide no basis for setting aside the sale of the subject property.

---

1194, 1197 n.1 (9th Cir. 1998). Plaintiff is admonished that any claims he wishes to assert against defendant must be raised in an amended complaint.

[5] California Penal Code § 155 provides that "Every person against whom an action is pending, or against whom a judgment has been rendered for the recovery of any personal property, who fraudulently conceals, sells, or disposes of that property, with intent to hinder, delay, or defraud the person bringing the action or recovering the judgment, or with such intent removes that property beyond the limits of the county in which it may be at the time of the commencement of the action or the rendering of the judgment, is punishable by imprisonment in a county jail not exceeding one year, or by fine not exceeding one thousand dollars ($1,000), or by both that fine and imprisonment.

8

Lastly, "[t]he Uniform Fraudulent Transfer Act, codified in Civil Code section 3439, et seq., permits defrauded creditors to reach property in the hands of a transferee." *Filip v. Bucurenciu*, 129 Cal. App. 4th 825,829 (2005) (quotations omitted). "A fraudulent conveyance under the UFTA involves a transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim." *Id*. (quoting *Kirkeby v. Superior Court*, 33 Cal. 4th 642, 648 (2004). There are no allegations indicating that Wells Fargo is a debtor. Indeed, plaintiff's allegations indicate that he is indebted to Wells Fargo based on a loan he acquired from World Savings. Thus, plaintiff's citation to California Civil Code fails to provide a basis for setting aside the Trustee's sale. Accordingly, this motion must also be denied.

V.   Conclusion

For the reasons state above, it is hereby ORDERED that:

1. Plaintiff's motion to press criminal charges (ECF No. 12) is denied; and

2. Plaintiff's motion to consolidate cases (ECF No. 14) is denied.

3. The January 27, 2016 Status (Pretrial Scheduling) Conference is continued to May 25, 2016 at 10:00 a.m. in Courtroom No. 8. The parties shall file status reports as outlined in the court's February 12, 2015 order (ECF No. 2) by May 11, 2016.

Further, it is RECOMMENDED that:

1. Plaintiff's Motion to Reverse and Revoke the Sale of Property (ECF No. 13) be denied;

2. Defendants' motion to dismiss (ECF No. 7) be granted; and

3. Plaintiff be granted thirty days from the date of service of any order adopting these findings and recommendations to file an amended complaint as provided herein. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

9

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 7, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE