1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   RONALD E. CEARLEY,                          No.  2:15-cv-353-MCE-EFB PS

11                    Plaintiffs,

12          v.                                    ORDER AND FINDINGS AND
                                                  RECOMMENDATIONS
13   WELLS FARGO BANK,

14                    Defendant.

15

16          This case is before the court on defendant Wells Fargo Bank, N.A.'s motion to dismiss

17   plaintiff's first amended complaint (ECF No. 43), and the court's order directing plaintiff to show

18   cause why sanctions should not be imposed for his failure to timely file a response to defendant's

19   motion (ECF No. 45).[1]  For the following reasons, the order to show cause is discharged and it is

20   recommended that defendant's motion to dismiss be granted.[2]

21   I.      Order to Show Cause

22           Defendant noticed its motion to dismiss for July 27, 2016.  ECF No. 43.  In violation of

23   Local Rule 230, plaintiff failed to timely file an opposition or statement of non-opposition to the

24   motion.  *See* E.D. Cal. L.R. 230(c) (requiring an opposition or statement of non-opposition to be

---

25          [1]  This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to
26   Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

27          [2]  The court determined that oral argument would not materially assist in the resolution of
     the pending motion and the matter was ordered submitted on the briefs.  *See* E.D. Cal. L.R.
28   230(g).

1    filed not less than 14 days prior to the hearing).  Accordingly, the hearing was continued and

2    plaintiff was ordered, by no later than August 10, 2016, to file an opposition or statement of non-

3    opposition to the motion.  ECF No. 45.  Plaintiff was also ordered to show cause why sanctions

4    should not be imposed for his failure to timely file a responsive pleading.

5           Thereafter, plaintiff filed an opposition in which he explains that he did not timely

6    respond because he did not receive a copy of defendant's motion until after the noticed hearing

7    date.  ECF No. 46 at 1-2.  He states that after he received the court's order to show cause, he

8    contacted the post office to track down the documents.  *Id*. at 2.  He claims that documents were

9    inadvertently delivered to the wrong address, and therefore he did not receive defendant's motion

10   until after the scheduled hearing.  *Id*.

11          In light of plaintiff's representations, the order to show cause is discharged and no

12   sanctions are imposed.

13   II.    Motion to Dismiss

14          Defendant moves to dismiss all of plaintiff's claims pursuant to Federal Rule of Civil

15   Procedure 12(b)(6).  EFC No. 43.  As explained below, plaintiff's complaint, ECF No. 41, fails to

16   allege sufficient facts to state a claim for relief and must be dismissed.

17          A.     Plaintiff's First Amended Complaint

18          The amended complaint alleges that plaintiff purchased real property located at 56 Felicia

19   Avenue, Mountain House, California ("the property") in 2003.  ECF No. 41 at 1.  In April 2015,

20   defendant Wells Fargo Bank foreclosed on the property.  *Id*.  Plaintiff claims, however, that Wells

21   Fargo did not have the legal authority to foreclose on the property because it "has never proven

22   that they [sic] had any Ownership rights to the Loan on the property or against the Plaintiff . . . ."

23   *Id*.

24          He further claims that Wells Fargo deceived him by producing "fraudulent documents"

25   that show that Wells Fargo merged with Wachovia Bank and World Savings Bank.  *Id*. at 2.  He

26   contends that Wells Fargo is relying on these documents to claim that it now has an interest in the

27   note and deed of trust.  *Id*. at 2.  The documents are allegedly fraudulent because they do "not list

28   the loan note in question as an asset of the companies included in the merger [with] Wachovia

2

1    Bank or World Savings and Loan." *Id*. He contends that there is no record the note and deed of

2    trust were transferred to Wells Fargo. *Id*.

3         B.     <u>Rule 12(b)(6) Standard</u>

4         To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

5    must contain more than a "formulaic recitation of the elements of a cause of action"; it must

6    contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell*

7    *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . .

8    . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

9    action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

10    236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to

11    'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009)

12    (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when plaintiff pleads factual

13    content that allows the court to draw the reasonable inference that the defendant is liable for the

14    misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal

15    theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v.*

16    *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

17         In considering a motion to dismiss, the court must accept as true the allegations of the

18    complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

19    the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in

20    the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

21    (1969). The court will "presume that general allegations embrace those specific facts that are

22    necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

23    (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

24         Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

25    *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

26    1985). The Ninth Circuit has held that the less stringent standard for pro se parties is now higher

27    in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally.

28    *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the court's liberal interpretation of

a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

C.      Discussion

The first amended complaint purports to allege the following claims for relief: (1) wrongful foreclosure; (2) fraud; (3) concealment; (4) fraudulent transfer of property; (5) defected loan contract; (6) disregard for plaintiff's monetary property value interest; and (7) double property insurance policy charges. ECF No. 41.

1.      Plaintiff's First, Second, Third, and Sixth Causes of Action

Plaintiff's first (wrongful foreclosure), second (fraud), third (concealment), and sixth (disregard for plaintiff's monetary property value interest) causes of action are all predicated on plaintiff's contention that Wells Fargo lacked standing to foreclose on the subject property. Plaintiff contends that Wells Fargo was never assigned the note and deed of trust and therefore it is not the beneficiary of the loan. ECF No. 41 at 2-4. He contends that if Wells Fargo had acquired an interest in his loan, an assignment of the note and deed of trust would have been recorded with the San Joaquin County Recorder, but no assignment has been recorded. *Id*. at 2. He also alleges that Wells Fargo has relied on a merger document to justify its interest in the subject property, but the document does not "include any proof of assets included in the merger."

4

1    *Id.* at 3.  He therefore contends that Wells Fargo has committed fraud by claiming an ownership

2    in the subject property "without producing the documents to prove [its] claim."  *Id.*

3         Judicially noticeable documents establish that on January 24, 2005, plaintiff obtained a

4    loan from World Savings, FSB in the amount of $500,500.00.  Def.'s Req. for Judicial Notice

5    ("RJN"), Ex. A.[3]  The promissory note was secured by a deed of trust against the property.  *Id.*

6    At the beginning of 2008, World Savings changed its name to Wachovia Mortgage, FSB

7    ("Wachovia").  RJN Exs. B, C, D.  Wachovia subsequently merged with Wells Fargo Bank, N.A.,

8    RJN Ex. E.

9         On October 27, 2011, a notice of default was recorded, indicating that plaintiff was behind

10   more than $23,000 on his loan payments.  RJN Ex. F.  In June 2014, a Notice of Trustee's Sale

11   was recorded, which advised plaintiff that the property would be sold on July 30, 2014.  RJN Ex.

12   G.  The property was eventually sold at a Trustee's Sale on April 7, 2015.  RJN Ex. P.

13        Notwithstanding his reference to the merger documents as fraudulent, plaintiff does not

14   dispute that Wells Fargo merged with World Savings.  *See* Pl.'s Opp'n (ECF No. 46) at 3 ("The

15   plaintiff stipulates that the merger did take pace . . . .").  Plaintiff argues, however, that Wells

16   Fargo "has failed to supply the legal ASSIGNMENT that had to be recorded with the County of

17   San Joaquin County Recorder's office at the time of Assignment."  *Id.*  Thus, plaintiff claims that

18   Wells Fargo had no right to conduct the foreclosure sale of his home.

19        Plaintiff fundamentally misunderstands the relevant law.  Under California law, the

20   surviving entity to a merger acquires "all the rights and property" of the disappearing entity

21   "without other transfer."  Cal. Corp. Code § 1107(a).  Thus, by merging with World Savings,

22

23        [3]  Defendant's request for judicial notice of public records filed in the San Joaquin County
     Recorder's Office and letters from the Office of Thrift Supervisions and Comptroller of the
24   Currency is granted.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986);
     *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Gens v. Wachovia Mortg. Corp.*, 2010
25   WL 1924777, at *2 (N.D. Cal. May 12, 2010); *see also, e.g., Valasquez v. Mortgage Elec.
     Registration Sys., Inc.*, No. 08–3818 PJH, 2008 WL 4938162, at *2–3 (N.D. Cal. Nov. 17, 2008)
26   (taking judicial notice of deed of trust and notice of default); *Nguyen v. Wells Fargo Bank, N.A.*,
     749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010) ("[J]udicially noticeable documents reveal that the
27   original lender, World Savings Bank, FSB, simply changed its name to Wachovia Mortgage,
     FSB, and is now a division of Wells Fargo Bank, N.A.").
28

1   Wells Fargo became the beneficiary under the note and deed of trust.  Furthermore, the deed of

2   trust expressly states that the "successors and/or assignees" of World Savings (i.e. Wells Fargo)

3   have the authority to foreclose upon the property.  RJN Ex. A.  Moreover, "[t]here is no

4   requirement under California law for an assignment to be recorded in order for the assignee

5   beneficiary to foreclose." *Parcray v. Shea Mortg., Inc*., 2010 WL 1659369, * 11 (E.D. Cal. April

6   23, 2010).

7           Accordingly, Wells Fargo became the beneficiary under the note and deed of trust through

8   its merger with World Savings Bank, and therefore it was authorize to complete foreclosure

9   proceedings on the subject property.  Accordingly, plaintiff's first, second, third, and sixth causes

10  of action must be dismissed without leave to amend.  *See Noll v. Carlson*, 809 F.2d 1446, 1448

11  (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to

12  amend should not be granted where it appears amendment would be futile).

13                          2.        Fraudulent Transfer of Real Property

14          In his fourth cause of action, styled as "Fraudulent transfer of Real Property," plaintiff

15  contends that the foreclosure of the property was unlawful because it was completed after he

16  initiated this suit.  ECF No. 41 at 4-5.  Without citation to any authority, plaintiff claims that

17  federal and state law "prevent the transfer of any property Real or Personal while the property is

18  involved in a law suit . . . ." *Id.* at 4.  Again, plaintiff is mistaken.  California law does not allow

19  for borrowers to bring a preemptive action to challenge a party's authority to initiate foreclosure

20  proceedings.  *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011)

21  ("California's nonjudicial foreclosure law does not provide for the filling of a lawsuit to

22  determine whether MERS has been authorized by the holder of the Note to initiate a foreclosure.").

23  Moreover, plaintiff never moved for an injunction to enjoin Wells Fargo from completing

24  foreclosure proceedings.  Accordingly, plaintiff's fourth cause of action fails to state a claim upon

25  which relief may be granted and must be dismissed without leave to amend.  *See Noll*, 809 F.2d at

26  1448.

27  /////

28  /////

1          3.      Defective Loan Contract

2          Plaintiff's fifth cause of action, entitled "Defected Loan Contract," seeks to challenge the

3    validity of the original loan agreement, which plaintiff characterizes as defective.  ECF No. 41 at

4    5-6.  Plaintiff claims that the "loan originator" falsified his income on his loan application, and

5    that defendant relied on an unnamed index to raise his monthly payments to $4,000 a month.  *Id.*

6    at 6.  He further claims that "none of the terms and conditions of the INDEX were ever

7    disclosed."  *Id*.  He claims that the failure to provide these disclosures violated the Truth in

8    Lending Act ("TILA") and "nullify the contract . . . ."  *Id*.  Plaintiff also contends that defendant

9    violated the Real Estate Settlement Procedures Act ("RESPA") by not providing him with a

10   "Good Faith Loan Estimate."  *Id*. at 6-7.  Defendant argues that this claim must be dismissed

11   because any claims under TILA or RESPA are barred by the applicable statute of limitations.

12   ECF No. 43 at 14.

13         TILA is intended to protect consumers in credit transactions by requiring "meaningful

14   disclosure of credit terms."  15 U.S.C. § 1601(a).  A lender's violation of TILA allows the

15   borrower to seek damages or to rescind a consumer loan secured by the borrower's primary

16   dwelling.  *Copeland v. Lehman Brothers Bank, FSB*, 2010 WL 2817173, at *5 (S.D. Cal. July 15,

17   2010).  However, a plaintiff's damage claims relating to improper disclosures under TILA are

18   subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the

19   loan transaction is consummated.  *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986); *see*

20   *also Meyer v. v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (failure to make the

21   required disclosures under TILA occurs at the time the loan documents were signed).  Rescission

22   claims under TILA "shall expire three years after the date of the consummation of the transaction

23   or upon the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f).  Moreover, there is

24   no equitable tolling of any rescission claim: § 1635(f) is a statute of repose, not a statute of

25   limitations, and as such is not subject to equitable tolling.  *Beach v. Ocwen Fed. Bank*, 523 U.S.

26   410, 412 (1998); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002)

27   /////

28   /////

7

1   ("[S]ection 1635(f) represents an 'absolute limitation on rescission actions' which bars any claims

2   filed more than three years after the consummation of the transaction.") (citing *King*, 784 F.2d at

3   913 (9th Cir. 1986)).

4        Plaintiff's complaint and judicially noticeable documents indicate that the underlying loan

5   was consummated in 2005.  ECF No. 43 at 5; RJN Ex. A.  As plaintiff did not initiate this action

6   until 2014, any claim for rescission under TILA must be dismissed as untimely.[4]

7        As for any potential damages claim under TILA, the complaint does not allege facts that

8   would permit equitable tolling of the one-year limitation period.  "[T]he doctrine of equitable

9   tolling may, in the appropriate circumstances, suspend the limitations period until the borrower

10   discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the

11   basis of the TILA action."  *King*, 784 F.2d at 915 .  While the applicability of the equitable tolling

12   doctrine often depends on matters outside the pleadings, *Supermail Cargo, Inc. v. United States*,

13   68 F.3d 1204, 1206 (9th Cir. 1995), dismissal may be appropriate when a plaintiff fails to allege

14   facts suggesting that he did not have a reasonable opportunity to discover the violation.  *Meyer*,

15   342 F.3d at 902-03 (refusing to apply equitable tolling to TILA claim because the plaintiff was in

16   full possession of all loan documents and did not allege any concealment of loan documents or

17   other action that would have prevented discovery of the alleged TILA violations); *see also*

18   *Hubbard v. Fid. Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (finding that plaintiff was not entitled

19   to equitable tolling of her TILA claim because "nothing prevented [plaintiff] from comparing the

20   loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory

21   requirements").  To establish excusable delay, a plaintiff must show, *inter alia*, his due diligence

22   until discovery of the operative facts that are the basis of his cause of action.  *See Edstrom v.*

23   *Ndex West. LLC*, 2010 WL 4069482, at *3 (citing *Fed. Elec. Comm'n v. Williams*, 104 F.3d 237,

24   240-41 (9th Cir. 1996)).

25   /////

26   ───────────────

27        [4]  Plaintiff's complaint also references a 2003 contract and alleges that plaintiff purchased
    the subject property in 2003.  ECF No. 41 at 1, 5.  Presumably, plaintiff refinanced his home loan
    in 2005, but this much is not clear from the complaint.  Regardless, claims predicated on a loan

28   consummated in 2003 would also be time-barred.

1    Not only does plaintiff's complaint fail to allege any facts demonstrating his entitlement to

2    equitable tolling, his opposition also fails to set forth any basis for tolling the limitation period.

3    Therefore, plaintiff is not entitled to equitable tolling of the statute of limitations. *See Edwards v.*

4    *Aurora Loan Servs., LLC*, 2011 WL 1668926, at * 16 (E.D. Cal. May 2, 2011).

5    Similarly, RESPA requires that a claim be brought within either one or three years "from

6    the date of the occurrence of the violation."  12 U.S.C. § 2614 (action must be brought within

7    three years of a violation of 12 U.S.C. § 2605 and one year of a violation of sections 2607 or

8    2608).  The allegations relating to plaintiff's "Defected Loan Contract" claim all relate to the

9    consummation of the loan. *See* ECF No. 41 at 5-7.  As plaintiff did not initiate this action until

10   2014, approximately 9 years after the loan was consummated, his RESPA claim is also untimely.[5]

11   Accordingly, plaintiff's fifth cause of action must be dismissed without leave to amend.

12   *See Noll*, 809 F.2d at 1448.

13   ### 4.   Double Property Insurance Policy Charges

14   Plaintiff's seventh and final cause of action, styled as "Double Property Insurance Policy

15   Charges," alleges that defendant has filed documents with the court stating that "Wells Fargo

16   Bank does not have any knowledge of FORCED INSURANCE Policy charges."  ECF No. 41 at

17   8.  Plaintiff claims that this representation is false, and that defendant mailed him statements

18   assessing insurance charges. *Id*. at 9.  Plaintiff appears to claim that these insurance charges were

19   impermissible because insurance premiums were not included in the loan agreement and he

20   continuously maintained a separate insurance policy with State Farm. *Id*. at 10.

21   /////

22   /////

23

24   [5]  Plaintiff's RESPA claim is based on his contention that he never received a "Good Faith Loan Estimate."  ECF No. 41 at 6.  12 U.S.C. § 2604(c) requires that lenders provide "a good

25   faith estimate of the amount or range of charges for specific settlement services the borrower is likely to incur in connection with the settlement . . . ."  Although defendant only argues that

26   plaintiff's RESPA claim must dismissed as untimely, the court notes that section 2604 does not provide a private right of action. *See Madrid v. J.P. Morgan Chase Bank, N.A.*, No. 9-cv-731-

27   JAM-GGH, 2009 WL 3255880 (E.D. Cal. Oct. 8, 2009) ("[C]ourts are clear that there exists no private right of action for violation of 12 U.S.C. § 2604(c)").  Accordingly, plaintiff's RESPA

28   claim fails for this additional reason.

1    Defendant argues that this claim must be dismissed because the "complaint is devoid of an

2    allegation that Wells Fargo *charged* him for force-placed insurance coverage and/or that Wells

3    Fargo failed to refund those payment to him.  Simply put, plaintiff has not alleged that he *paid*

4    any premiums for the force-placed insurance purchased by Wells Fargo."  ECF No. 43 at 15.

5    Plaintiff appears to be alleging some sort of breach of contract claim, but even this

6    assumption is not clear.  To the extent plaintiff intended to allege a breach of contract claim under

7    California law, he has failed to do so.  To succeed on a breach of contract claim under California

8    law, plaintiff must establish (1) the existence of a contract; (2) plaintiff's performance; (3)

9    defendant's breach of the contract; and (4) damages flowing from the breach.  *CDF Firefighters*

10   *v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).  This requires plaintiff to plead "the contract

11   either by its terms, set out verbatim in the complaint or a copy of the contract attached to the

12   complaint and incorporated therein by reference, or by its legal effect."  *N. County Commc'ns*

13   *Corp. v. Verizon Global Networks, Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010) (quoting

14   *Mckell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006)).  Thus, "[t]he complaint

15   must identify the specific provision of the contract allegedly breached by the defendant."

16   *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012) (citation omitted).

17   Plaintiff does little more than allege that he received a statement assessing a charge for

18   insurance, and that this charge should not have been assessed.  He does not allege that he actually

19   paid any premiums for a force-placed insurance purchased by Wells Fargo, or that the failure to

20   pay any premium resulted in any injury.  Furthermore, he fails to identify the specific provision of

21   the loan agreement that defendant allegedly breached.  Accordingly, plaintiff has failed to

22   sufficiently allege a breach of contract claim.[6]  Plaintiff, however, will be granted leave to amend

23   this claim to provide him an opportunity to clarify the basis for his claim.  *Lopez v. Smith*, 203

24   F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an

25   opportunity to amend to correct any deficiency in their complaints).

26   _____

27        [6]  To the extent plaintiff intended to assert a different claim for relief, dismissal of his "Double Property Insurance Policy Charges" claim is appropriate based on plaintiff's failure to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

28   *Twombly*, 550 U.S. at 555.

10

III.    Conclusion

Accordingly, it is ORDERED that the court's July 20, 2016 order to show cause (ECF No. 45) is discharged and no sanctions are imposed.

Further, it is RECOMMENDED that:

1. Defendant's motion to dismiss plaintiff's first amended complaint (ECF No. 43) be granted.

2. Plaintiff's first, second, third, fourth, fifth, and sixth causes of action be dismissed without leave to amend.

3. Plaintiff be granted thirty days from the date of service of any order adopting these findings and recommendations to file an amended complaint as provided herein.  The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."  Leave to file an amended complaint should be granted only to provide plaintiff an opportunity to cure the deficiencies to his seventh cause of action, not to assert new claims for relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 21, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE